### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | |
|---|---|
| **ERIC HARDAWAY,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 21-cv-3251 |
| ) | |
| **TERRELL HAYNES, et al.,** ) | |
| ) | |
| Defendants. ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter comes before the Court on the Motion to Dismiss filed by Defendants Krystal Holdman and the City of Springfield. See d/e 11.  For the reasons that follow, the motion is GRANTED.

### I.  BACKGROUND

The Court construes the complaint in the light most favorable to Mr. Hardaway, accepting all well-pleaded allegations as true and taking all reasonable inferences in his favor.  Alicea-Hernandez v. Catholic Bishop of Chi., 320 F.3d 698, 701 (7th Cir. 2003).

On September 28, 2019, a car driven by Defendant Terrell Haynes struck Mr. Hardaway as he tried to cross a busy

Springfield intersection. The collision knocked Mr. Hardaway unconscious. The accident also left him with several broken bones and required the amputation of his toes.

Defendant Krystal Holdman, a member of the Springfield Police Department (SPD), responded to the accident. Officer Holdman never performed a field sobriety test on Mr. Haynes. Instead, while Mr. Hardaway lay unconscious, Officer Holdman cited him for walking on a highway. At some point, Officer Holdman and the SPD erased bodycam footage of Officer Holdman's investigation.

Mr. Hardaway later brought this suit under 42 U.S.C. § 1983. Mr. Hardaway alleges that Mr. Haynes acted negligently and is liable for Mr. Hardaway's injuries. Mr. Hardaway claims that Officer Holdman violated the Fourteenth Amendment and state law by failing to test Mr. Haynes and by deleting her investigatory bodycam footage. Mr. Hardaway further claims that the SPD is liable on the same grounds for destroying the bodycam footage.[1]

---

[1] As Defendants correctly note, the City of Springfield—not its constituent police department—is the proper party here. See Mem., d/e 12, at 1. For clarity's sake, the Court will refer to the moving Defendants as the "SPD Defendants."

The SPD Defendants now move to dismiss Mr. Hardaway's claims against them. They argue that this Court does not have subject-matter jurisdiction over Mr. Hardaway's claims. See Fed. R. Civ. P. 12(b)(1). Even if subject-matter jurisdiction did exist, the SPD Defendants say that Mr. Hardaway's complaint does not state actionable claims against them. See Fed. R. Civ. P. 12(b)(6).

The Court notes that Mr. Haynes has not answered Mr. Hardaway's complaint or otherwise entered an appearance. The Court further notes that Mr. Hardaway did not respond to the motion to dismiss. Local Rule of Civil Procedure 7.1 requires any party opposing a motion to dismiss to respond within 14 days of service. See Civil LR 7.1(B)(2). Though the Court finds no opposition to the SPD Defendants' motion, id., the Court still must examine the merits of Mr. Hardaway's complaint. Marcure v. Lynn, 992 F.3d 625, 632 (7th Cir. 2021).

## II. LEGAL STANDARD

A motion under Rule 12(b)(1) challenges the Court's subject-matter jurisdiction. When considering a Rule 12(b)(1) motion, this Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. Alicea-

Hernandez, 320 F.3d at 701. The plaintiff bears the burden of proving the jurisdictional requirements have been met. Ctr. for Dermatology & Skin Cancer Ltd. v. Burwell, 770 F.3d 586, 588 (7th Cir. 2014). "The court may look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject-matter jurisdiction exists." Alicea-Hernandez, 320 F.3d at 701.

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

In considering a motion to dismiss under Rule 12(b)(6), this Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id. This standard is relaxed further for pro se pleadings, which the Court must construe liberally. Greer v. Bd. of Educ., 267 F.3d 723, 727 (7th Cir. 2001). But the complaint still must set forth facts that

plausibly demonstrate a claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Reciting the elements of a cause of action or supporting claims with conclusory statements are insufficient to state a cause of action.  Id.

### III. ANALYSIS

**A.     The Court Has Subject-Matter Jurisdiction Over Mr. Hardaway's Claims Against the SPD Defendants.**

The SPD Defendants first argue that the Court lacks subject-matter jurisdiction over Mr. Hardaway's suit.  This is a threshold question.  Jurisdiction "is the power to declare law, and without it the federal courts cannot proceed."  Hay v. Ind. State Bd. of Tax Comm'rs, 312 F.3d 876, 879 (7th Cir. 2002) (cleaned up).

Mr. Hardaway brought this action under 42 U.S.C. § 1983 for violations of federal and state law.  Properly pleaded, a Section 1983 suit creates federal-question jurisdiction.  Bovee v. Broom, 732 F.3d 743, 744 (7th Cir. 2013) (citing 28 U.S.C. § 1331).  If "the defendant acted under color of state law," and the plaintiff "asserts

a violation of rights secured by federal law," then the plaintiff's claim "arises under federal law." Id.  The question here, then, is whether Mr. Hardaway's claims against the SPD Defendants satisfy this baseline requirement.  The Court finds that they do.

Mr. Hardaway claims that Officer Holdman, a Springfield police officer, violated Mr. Hardaway's Fourteenth Amendment rights by failing to perform a field sobriety test on Mr. Haynes.  Mr. Hardaway also alleges that by deleting bodycam footage of the investigation, Officer Holdman and the SPD violated the Fourteenth Amendment and Illinois law.

Mr. Hardaway's allegations against Officer Holdman—that she violated his Fourteenth Amendment rights in the course of her work as a Springfield police officer—state a classic Section 1983 claim.  See, e.g., Swanigan v. City of Chicago, 881 F.3d 577, 582 (7th Cir. 2018) ("Section 1983 provides a claim against a person acting under color of law who deprives another of a federal right."). The same goes for Mr. Hardaway's claim against the SPD. Construed liberally, this claim alleges that SPD's retention policies abridged Mr. Hardaway's right of due process.  See id. (citing Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658 (1978)) ("A

municipality is subject to [Section 1983] liability if one of its policies caused the plaintiff's harm."). All these claims present federal questions.

### B. Mr. Hardaway's Claims Against the SPD Defendants Fail to State Plausible Claims for Relief.

The SPD Defendants also argue that Mr. Hardaway's claims against them should be dismissed under Federal Rule of Civil Procedure 12(b)(6). To survive, Mr. Hardaway's complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602–603 (7th Cir. 2009). Construed liberally, as a pro se plaintiff's pleadings must be, Mr. Hardaway's Section 1983 claims do not implicate a recognized federal right. His claims therefore must be dismissed.

The first of Mr. Hardaway's claims concerns Officer Holdman. According to Mr. Hardaway, Officer Holdman neglected to perform a field sobriety test on Mr. Haynes. Mr. Hardaway says this violated an unspecified constitutional right. The Constitution, however, does not confer a private right to a particular course of police action. See, e.g., Whitlock v. Brueggemann, 682 F.3d 567, 588 (7th Cir. 2012) ("There is no affirmative duty on police to

investigate."); Windle v. City of Marion, 321 F.3d 658, 661–63 (7th Cir. 2003); Parker v. City of Quincy, 2017 WL 1217091, at *8 (C.D. Ill. Mar. 31, 2017).  Mr. Hardaway's first claim must be dismissed.

Mr. Hardaway's second claim against Officer Holdman suffers similarly.  Mr. Hardaway says that Officer Holdman violated the Fourteenth Amendment and Illinois' Law Enforcement Officer-Warn Body Camera Act when she deleted bodycam footage of her encounter with Mr. Hardaway.  Neither the Constitution nor Illinois state law supports that claim.

"A police officer's duty to preserve evidence applies when the officer either knows the evidence is exculpatory or destroys the evidence in bad faith."  Hart v. Mannina, 798 F.3d 578, 589 (7th Cir. 2015) (citing California v. Trombetta, 467 U.S. 479, 488–89 (1984) (good-faith failure to preserve evidence with no apparent exculpatory value did not violate due process)).  That duty does not create a freestanding due process right.  See Edwards v. David, 2017 WL 2653077, at *7 n.7 (N.D. Ill. June 20, 2017) ("An independent search by [a Northern District court] has not revealed any authority to support the proposition that spoliation of evidence in a civil case implicates a constitutional right."); see also Van

Buren v. Crawford County, 2017 WL 1353805, at *7 n.2 (E.D. Mich. Apr. 13, 2017) ("A single instance of evidence spoliation in a civil suit is not violative of a federal right."). Nor does it give rise to a "free-standing tort claim for spoliation under federal common law." Aspen Am. Ins. Co. v. Interstate Warehousing, Inc., 372 F. Supp. 3d 709, 725 (N.D. Ind. 2019) (citation omitted). Since the law does not recognize Mr. Hardaway's Fourteenth Amendment claim, the claim may proceed no further.

So too for Mr. Hardaway's statutory spoliation claim against Officer Holdman. Mr. Hardaway argues that Officer Holdman violated the Law Enforcement Officer-Warn Body Camera Act, 50 ILCS 706/10-1 et seq., by deleting evidence of Mr. Hardaway's "great bodily harm." Compl., d/e 2, at 6–7. Mr. Hardaway is right that the Act requires police officers and police departments to preserve bodycam video under certain circumstances. See 50 ILCS 706/10-20(a)(7)(B). But the aftermath of a traffic incident is not one of them. See id. Even if it were, the Act does not create a mechanism for private enforcement; it is instead a state-enforced regulation of state-created entities. See id. In any case, Mr. Hardaway never offers any reason why he needed the footage,

except for a desire "to see the plaintiff's condition while he was on the ground." Compl., d/e 2, at 7. That does not entitle Mr. Hardaway to the footage or to a remedy for its destruction, so his statutory claim must fail.

Mr. Hardaway levels the same charge at the SPD. The same result follows, though for slightly different reasons. As a municipal entity, the SPD is liable under Section 1983 only if, "under color of some official policy," the SPD "causes an employee to violate another's constitutional rights." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 692 (1978). At bottom, a Monell claim must allege "an underlying constitutional violation" stemming from an official policy or custom. See Coleman v. City of Peoria, 925 F.3d 336, 351 (7th Cir. 2019). Mr. Hardaway makes no such allegation. He simply says that the SPD is as liable as Officer Holdman. That is inadequate under Rule 12(b)(6).

For these reasons, the Court concludes that Mr. Hardaway's claims against the Springfield Defendants must be dismissed.

## C. The Court Declines to Exercise Supplemental Jurisdiction Over Mr. Hardaway's Negligence Claim.

Having dismissed Mr. Hardaway's federal claims, the Court must decide whether to exercise its jurisdiction over his sole remaining claim. Mr. Hardaway's final claim alleges that Mr. Haynes, the driver who struck Mr. Hardaway, is liable for "tortious conduct." Compl., d/e 2, at 2. Mr. Hardaway claims that Mr. Haynes' "negligence and tortious act" caused him "personal injuries," "emotional distress," and "physical and mental anguish." Id. at 6. Since Mr. Hardaway concedes that Mr. Haynes did not act under color of state law, see id. at 2, the Court construes his allegations against Mr. Haynes as a state-law negligence claim.

This claim falls outside the Court's original jurisdiction. A state-law negligence claim against a private party presents no federal question. See 28 U.S.C. 1331. And because the parties both reside in Illinois, see d/e 2 at 2, Mr. Hardaway cannot meet the requirements for diversity jurisdiction, either. See 28 U.S.C. 1332(a). This leaves supplemental jurisdiction as Mr. Hardaway's only viable path forward. But that path is foreclosed as well.

Under 28 U.S.C. § 1367(a), if a district court has original jurisdiction over a civil action, the district court also has supplemental jurisdiction over any state-law claims that "derive from a common nucleus of operative fact with the original federal claims." Wisconsin v. Ho-Chunk Nation, 512 F.3d 921, 936 (7th Cir. 2008) (cleaned up). There is no question that Mr. Hardaway's state-law claim against Mr. Haynes and his federal claims against the Springfield Defendant share such a "common nucleus of operative fact."

However, the decision whether to exercise supplemental jurisdiction lies entirely within the Court's discretion. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Dargis v. Sheahan, 526 F.3d 981, 990 (7th Cir. 2008). That the Court may hear a state-law claim does not mean that the Court should, especially when the Court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Indeed, "[a]bsent unusual circumstances," the ordinary practice of a district court is to "relinquish supplemental jurisdiction over pendent state law claims if all claims within the

court's original jurisdiction have been resolved before trial." Coleman, 925 F.3d at 352 (citing Dargis, 526 F.3d at 990).

There are no such "unusual circumstances" here.  The Court has not expended "substantial judicial resources" on Mr. Hardaway's case.  See Wright v. Associated Ins. Cos., Inc., 29 F.3d 1244, 1251 (7th Cir. 1994).  Nor is it "absolutely clear how" Mr. Hardaway's negligence claim "can be decided."  See id.  To be sure, Mr. Hardaway filed this action just weeks before his two-year statute of limitations would have expired.  A dismissal on jurisdictional grounds, however, will give him an extra year to develop his suit or retain counsel.  See 735 ILCS 5/13-217 (tolling statute of limitations following dismissal for want of federal jurisdiction); but see Wright, 29 F.3d at 1251 (noting the prudence of retaining supplemental jurisdiction when "the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court").

Accordingly, the Court declines to retain jurisdiction over Mr. Hardaway's claim against Mr. Haynes and dismisses that claim without prejudice.

## V. CONCLUSION

For these reasons, Defendants' motion to dismiss (d/e 11) is GRANTED. Mr. Hardaway's complaint (d/e 2) is DISMISSED WITHOUT PREJUDICE. Any pending motions in this matter are DENIED as MOOT, any pending deadlines are TERMINATED, and any scheduled settings are VACATED. This case is CLOSED.

**ENTERED: April 20, 2022**

**FOR THE COURT:**

                                         s/*Sue E. Myerscough*
                                        **SUE E. MYERSCOUGH**
                       **UNITED STATES DISTRICT JUDGE**